[Civ. No. 2598.  First Appellate District, Division One.—December 7, 1918.]

## A. T. CRANE et al., Respondents, v. W. D. REYNOLDS, Appellant.

PROMISSORY NOTE — CONTRIBUTION—DEFENSE WITHOUT MERIT.—In an action on a promissory note given by defendant in payment of his proportionate indebtedness upon certain notes paid by plaintiffs, and of which the plaintiffs and defendant were common guarantors, the contention, as a ground of defense, that a corporation in which the plaintiffs were stockholders was the principal debtor upon the notes, and that consequently plaintiffs were primarily liable as such stockholders for a certain proportion of the indebtedness represented thereby, is without merit, where the evidence shows that the corporation was not the principal debtor and not interested in the notes.

ID.—LACK OF DILIGENCE IN COMPELLING PAYMENT BY STOCKHOLDERS.—In such action, the contention that the plaintiffs failed to use ordinary diligence in compelling the stockholders of the corporation to contribute, and in compelling the principals to pay the notes, at a time when the corporation and stockholders were solvent, which failure would in equity release the defendant from his liability to contribute to the payment of the indebtedness jointly guaranteed, is without merit, where the evidence shows that the corporation was not a party to or interested in the indebtedness.

ID.—USE OF MONEY TO PURCHASE PLAINTIFFS' STOCK—KNOWLEDGE OF DEFENDANT.—In such action, the contention that the plaintiffs received a part of the money for which the notes jointly guaranteed were given is without merit where the evidence shows that the money was used to purchase the holdings of plaintiffs in the corporation and that fact was known to the defendant at the time of the transaction.

APPEAL from a judgment of the Superior Court of Sonoma County.  Emmet Seawell, Judge.  Affirmed.

The facts are stated in the opinion of the court.

W. F. Cowan  for Appellant.

Rolfe L. Thompson  for Respondents.

LENNON, P. J.—Action by plaintiffs on a promissory note given by defendant in payment of his proportionate indebtedness upon certain notes paid by plaintiffs and of which the plaintiffs and defendant were common guarantors. Plaintiffs had judgment as prayed, and defendant appeals.

The appellant in his brief states that his defense to the action was based upon eight grounds, setting them forth; but the only propositions argued by him are three in number, and we will take them up in their order.

The first is that the respondents were stockholders in a corporation, which, according to the contention of the appellant, was the principal debtor upon the notes of which respondents and appellant were guarantors, and that consequently they were primarily liable as such stockholders for a certain proportion of the indebtedness represented by the notes. A complete answer to this contention is found in the finding of the trial court, made upon sufficient evidence, that the corporation was not the principal debtor upon said notes and was not interested therein.

Appellant's second proposition is that the respondents failed to use ordinary diligence in compelling the stockholders of the corporation to contribute, and in compelling the principals to pay the notes, at a time when the corporation and stockholders were solvent, which failure would in equity release the appellant from his liability to contribute to the payment of the indebtedness jointly guaranteed. Even if this proposition were sound as a matter of law—and from the record the contrary appears to us to be the case—it, like the first, is made untenable by the court's finding that the corporation was not a party to or interested in the indebtedness before mentioned.

Appellant's final contention is that the respondents received a part of the money for which the notes jointly guaranteed were given, and concealed this fact from the appellant, for which reason equity will not compel a contribution from him as cosurety. This again is met by the finding of the trial court that such was not the fact; that while part of the money procured upon said notes was used to purchase from the respondents their holdings of stock in the corporation, this fact was known to the appellant at the time of the transaction, and

that such use of the money by the borrower did not make of the loan one for the benefit of the respondents.

The appeal is entirely devoid of merit.

The judgment is affirmed.

Beasly, J., *pro tem.,* and Sturtevant, J., *pro tem.,* concurred.